IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RODNEY WRIGHT,

　　　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　Case No. 19-3191-SAC

DARREN EICHINGER,
DIANNA GRAVETT and
CLIFFORD DAVIS,

　　　　　　　　Defendants.

**O R D E R**

In a screening order (Doc. No. 4) addressing the original complaint, the court directed plaintiff to show cause why the original complaint should not be dismissed or file an amended complaint. Plaintiff has filed an amended complaint on forms for bringing an action under 42 U.S.C. § 1983. Doc. No. 5. This matter is before the court to screen the amended complaint. The court applies the same screening standards as were discussed in the first screening order and the same standards for proving a claim under § 1983. Doc. No. 4, pp. 1-4.

The amended complaint names three members of the Labette County Sheriff's Office as defendants, the Sheriff (Eichinger), the Undersheriff (Davis), and the jail administrator (Gravett).[1] Plaintiff asserts in the amended complaint that he fell in the

_____

[1] The court has corrected plaintiff's spelling of Eichinger and Gravett's names.

1

shower of B-1 cell at the Labette County Jail.  There was standing

water and slick concrete.  Plaintiff contends that rubber mats had

been removed before he fell and not replaced even after repeated

requests to "jail administration."  He also claims that he was

denied "additional medical treatment."  Plaintiff fell on May 22,

2019.  He asserts that he still suffers headaches and blurred

vision because of the fall.

These allegations fail to state a claim for relief under §

1983 for reasons explained in the first screening order.

> The Constitution, via the Eighth Amendment's guarantee
> against cruel and unusual punishment, protects prisoners
> serving sentences from deliberate indifference to a
> substantial risk that conditions of confinement will
> cause serious injury.[2]  Farmer v. Brennan, 511 U.S. 825,
> 837 (1994). The Tenth Circuit has held that the risk of
> harm from a wet, slippery floor is not sufficiently
> serious to implicate constitutional protection via the
> Eighth Amendment.  In Reynolds v. Powell, 370 F.3d 1028,
> 1031 (10th Cir. 2004), the court was concerned with
> standing water in the shower area of a prison.  The court
> stated:  "Simply put, a slip and fall, without more,
> does not amount to cruel and unusual punishment....
> Remedy for this type of injury, if any, must be sought
> in state court under traditional tort law principles."
> Id. (interior brackets and quotations omitted).  The
> Tenth Circuit reached the same result in Flandro v. Salt
> Lake County Jail, 53 Fed.Appx. 500, 500-01 (10th Cir.
> 2002) which involved a slippery shower floor.  The court
> noted that simply because a serious injury is alleged
> does not render the condition excessively or
> substantially risky for purposes of Constitutional
> analysis.  Id.
>
> This court has followed these Tenth Circuit holdings in
> other cases.  For example, Hicks v. Johnson County Adult

---

[2] Similar protections are afforded pretrial detainees under the Fourteenth
Amendment's Due Process Clause.  See Ledbetter v. City of Topeka, 318 F.3d
1183, 1188 (10th Cir. 2003).

Detention Center, 2019 WL 4640576 *2 (D.Kan. 9/24/2019)
concerned a slip and fall on water which collected on a
day room floor, and Griffin v. Easter, 2014 WL 1478496
*3-4 (D.Kan. 4/15/2014) involved a wet floor that was
being mopped without a warning sign.

. . . .

An inadvertent failure to provide adequate care,
negligent misdiagnosis, or a difference of opinion with
medical personnel regarding diagnosis or treatment falls
short of the Eighth Amendment standard; "[t]he Eighth
Amendment's prohibition on cruel and unusual punishment
is not violated when a doctor simply resolves 'the
question whether additional diagnostic techniques or
forms of treatment is indicated.'" Self v. Crum, 439
F.3d 1227, 1232 (10th Cir. 2006)(quoting Estelle v.
Gamble, 429 U.S. 97, 107 (1976)).

The second reason the complaint fails to state a claim
under § 1983 is that it does not allege facts showing
more than negligence or carelessness. To be
deliberately indifferent, a defendant must be "aware of
facts from which the inference could be drawn that a
substantial risk of serious harm exists, and he must
also draw the inference." Farmer, 511 U.S. at 837.

Doc. No. 4, pp. 4-6.

Plaintiff has also failed to allege facts describing personal

participation by the individual defendants in the alleged

unconstitutional conduct. The three defendants appear to have

supervisory roles in the Sheriff's Department or the Labette County

Jail. "[P]ersonal participation in the specific constitutional

violation complained of is essential" for individual liability.

Henry v. Storey, 658 F.3d 1235, 1241 (10th Cir. 2011). To properly

allege the liability of these supervisor defendants, plaintiff

must describe an affirmative link between them and the alleged

constitutional violation. Dodds v. Richardson, 614 F.3d 1185,

1195 (10th Cir. 2010).  This requires allegations of:  a) personal involvement in the violation; b) a sufficient causal connection between the supervisor's involvement and the constitutional violation; and c) a culpable state of mind.  Id.  "Personal involvement" can be alleged by stating that:  1) the supervisor personally participated in the alleged violation; 2) the supervisor exercised control or direction over the alleged illegal acts, or the supervisor's failure to supervise caused the alleged illegal acts; 3) the supervisor knew of the violation and acquiesced in its continuance; or 4) the supervisor promulgated, created, implemented or utilized a policy that caused the alleged deprivation of constitutional rights.  Id.  A "causal connection" is alleged by claiming that a supervisor defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive plaintiff of her constitutional rights.  Id. at 1195-96.

The amended complaint merely alleges that "jail administration" was repeatedly requested to replace rubber mats in front of the shower.  This is insufficient to link the alleged violation of plaintiff's rights to the individual defendants named in the amended complaint.  See Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)(allegation that "defendants" failed to protect and supervise a child does not provide fair notice to defendants of what acts are attributable to them as individuals).

4

For the above-stated reasons, the court finds that the amended complaint fails to state a claim for relief. The court directs that the amended complaint be dismissed without prejudice and that this case be closed.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2019, at Topeka, Kansas.


s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge